**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Linda Vollmer, and | ) | |
| Love to Teach, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 2:16-cv-00370 |
| v. | ) | |
| | ) | |
| Amazon.com, Inc., | ) | JUDGE |
| Cafepress, Inc. | ) | |
| Redbubble, Inc.; and | ) | |
| Zazzle, Inc. | ) | MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

_____

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, PASSING OFF, AND COUNTERFEITING
_____

Plaintiffs, Linda Vollmer, and Love to Teach, LLC, for their Complaint against

defendants (collectively, "Defendants"), state as follows:

1. This is an action for trademark infringement, unfair competition, passing off and

counterfeiting under the Lanham Act, 15 U.S.C. § 1114 and § 1125(a), relating to the unlawful

appropriation of Plaintiff's registered trademark by Defendants in their sale of t-shirts and other

merchandise.

2. Plaintiff Ms. Linda Vollmer is citizen of the United States and the State of Ohio, and

resides in Westerville, Ohio.

3.     Ms. Vollmer is the owner of U.S. Trademark Registration 3413314 (Serial Number 78888050) for the mark GOT HOPE? I DO. (hereinafter the "Trademark," attached as Exh. 1)

4.     The certificate of registration attached as Exhibit 1 is valid and subsisting, and Ms. Vollmer has record title in the Trademark described above.

5.     The certificate of registration is prima facie evidence of the validity of the registered Trademark, Plaintiff's ownership of the registered Trademark, and Plaintiff's exclusive right to use the registered Trademark in connection with the goods and services specified in the certificate of registration cited above. The registered mark is incontestable, which provides conclusive evidence of its validity under 15 U.S.C. § 1115(b), and constructive notice of the registrant's claim of ownership under 15 U.S.C. § 1072.

6.     Plaintiffs approve and maintain quality control over all of the goods bearing the Trademark, and the trade dress to protect the goodwill associated with this Trademark, and Plaintiffs make systematic efforts to safeguard the quality and integrity of the GOT HOPE? I DO mark, and the public assumes that Plaintiffs have approved, sponsored or endorsed all products and services bearing its Trademark.

7.     Defendant Amazon.com, Inc. is, upon information and belief,  a corporation organized under the laws of the State of Delaware and having a corporate headquarters in Seattle, WA. Upon information and belief, amazon.com is a seller of clothing and other items, and its products

are widely available on the internet at www.amazon.com and are actively for sale in the Southern District of Ohio.

8.      Defendant Cafepress, Inc. is, upon information and belief, a corporation organized under the laws of the State of Delaware and having a corporate headquarters in Louisville, KY.  Upon information and belief Cafepress, Inc. is a maker and seller of clothing and other items, and its products are widely available on the internet at www.cafepress.com and are actively for sale in the Southern District of Ohio.

9.      Defendant Redbubble, Inc. is, upon information and belief,  a corporation organized under the laws of the State of Delaware and having a corporate headquarters in San Francisco, CA. Upon information and belief Redbubble, Inc. is a maker and seller of clothing and other items, and its products are widely available on the internet at www.redbubble.com and are actively for sale in the Southern District of Ohio.

10.      Defendant Zazzle, Inc. is, upon information and belief, a corporation organized under the laws of the State of California and having a corporate headquarters in Redwood City, CA.  Upon information and belief Zazzle, Inc. is a maker and seller of clothing and other items, and its products are widely available on the internet at www.zazzle.com and are actively for sale in the Southern District of Ohio.

11.      This court has jurisdiction over this matter under 15 U.S.C. § 1125 and 28 U.S.C.

§ 1338. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Plaintiffs' cause of action arose and Plaintiffs are being injured in this judicial district, and because Defendants are subject to personal jurisdiction under O.R.C. 2307.382.

12.     Plaintiffs began selling GOT HOPE? I DO. branded merchandise in commerce in 2006, wholesale and retail, in person and via the internet, and has continued to do so continuously since that time.

13.     In 2008, Plaintiff implicitly licensed then-candidate Barack Obama to use the slogan "Got Hope?" in his 2008 election campaign. President Obama's recognition of Ms. Vollmer's gift of GOT HOPE? I DO. merchandise is attached hereto as Exhibit 2.

14.     At least as early as 2014, Defendant Cafepress, Inc. began selling merchandise infringing the Trademark (advertisements attached as Exhibit 3). Ms. Vollmer, by and through counsel, demanded that Defendant Cafepress, Inc. cease and desist from such sales. (Demand letter attached hereto as Exhibit 4). Upon information and belief, the infringements subsequently stopped.

15.     As of April, 2016, Defendant Amazon.com, Inc. was actively selling infringing merchandise into the Southern District of Ohio from multiple sources, including from Defendant Cafepress, Inc. A representative screen shot from the internet offer is attached hereto as Exhibit 5.

4

16.     In April, 2016, Defendant Amazon.com, Inc. sold and delivered infringing merchandise into the Southern District of Ohio. A photograph of the infringing merchandise as sold and delivered by Defendant Amazon.com, Inc. is attached hereto as Exhibit 6.

17.     In April, 2016, Defendant Cafepress, Inc. was actively selling infringing merchandise via the internet into the Southern District of Ohio. Representative screen shots from the internet offer are attached hereto as Exhibit 7.

18.     In April, 2016, Defendant Cafepress, Inc. sold and delivered infringing merchandise into the Southern District of Ohio. A photograph of the infringing merchandise as sold and delivered by Defendant Cafepress, Inc. is attached hereto as Exhibit 8.

19.     In April, 2016, Defendant Redbubble, Inc. was actively selling infringing merchandise via the internet into the Southern District of Ohio. A screen shot from the internet offer is attached hereto as Exhibit 9.

20.     In April, 2016, Defendant Redbubble, Inc. sold and delivered infringing merchandise into the Southern District of Ohio. A photograph of the infringing merchandise as sold and delivered by Defendant Redbubble, Inc. is attached hereto as Exhibit 10.

21.     In April, 2016, Defendant Zazzle, Inc., Inc. was actively selling infringing merchandise via the internet into the Southern District of Ohio. Representative screen shots from the internet offer are attached hereto as Exhibit 11.

22.     In April, 2016, Defendant Zazzle, Inc. sold and delivered infringing merchandise into the Southern District of Ohio. A photograph of the infringing merchandise as sold and delivered by Defendant Cafepress, Inc. is attached hereto as Exhibit 12.

23.     Joinder of Defendants Amazon, Inc.; Cafepress, Inc.; and RedBubble, Inc. is clearly proper under F.R.C.P. 20(a)(2)(A) as the identical appearance of the infringements of these Defendants goods (See Exh. 5-10) strongly suggests a common origin of the goods or at least that the infringements are in respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences.

24.     Joinder of Defendant Zazzle, Inc. is proper under F.R.C.P. 20(a)(2)(A) as the temporal relationship of the infringements is suggestive, upon information and belief, of a common transaction, occurrence, or series of transaction or occurrences. Joinder is further proper under F.R.C.P. 20(a)(2)(B), as common issues of law and fact, such as issues of Plaintiff's trademark validity and use, will need to be heard against all Defendants, and separating these Defendants into separate actions will be wasteful of the Parties and judicial resources.

25.     Defendants' unauthorized use of the Plaintiffs Trademark is commercial in nature and is intended to, and will, directly compete with the lawful publication, distribution and advertising commercial activities of Plaintiff to the detriment of Plaintiffs.

COUNT ONE

INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114

26.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 25 as if fully restated herein.

27.     The commercial use of Plaintiff's registered Trademark on t-shirts and other merchandise by Defendants is a willful infringement of the Plaintiff's Trademark, and such commercial use was with knowledge of and intended to trade off of Plaintiffs' prior rights to the Trademark.

28.     Defendants' production and/or sale of infringing merchandise that uses the Trademark creates a likelihood of confusion as to the affiliation, connection, association or sponsorship, affiliation or endorsement by Plaintiffs in an appreciable number of consumers and potential consumers.

29.     The Plaintiff's Trademark, as described herein, is very strong in the context of merchandise bearing the Plaintiff's Trademark.

30.     The relatedness, or similarity, between Plaintiffs' products and Defendants' infringing merchandise point to a high likelihood of confusion. Consumers interested in purchasing Plaintiffs' apparel are likely to believe that Defendants' merchandise come from the same source, or are somehow connected with or licensed by Plaintiffs.

31.     The goodwill of the Plaintiff's Trademark is of great value, and Plaintiffs

are suffering and will continue to suffer irreparable harm should Defendants' unauthorized

production and sale of the infringing merchandise continue.


32.     Defendants' use of the Plaintiff's Trademark on the infringing merchandise will likely

continue unless enjoined by this Court.


33.     Plaintiffs are entitled to a permanent injunction against Defendants, as

well as all other remedies available under the Lanham Act, including, but not limited to,

compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.


## COUNT TWO

### UNFAIR COMPETITION AND PASSING OFF UNDER 15 U.S.C. § 1125(a)


34.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 33 as if

fully restated herein.


35.     Defendants' production and sale of merchandise bearing the Trademark on merchandise

that competes directly with Plaintiffs' apparel products will likely cause confusion, mistake or

deception on the part of persons interested in purchasing Plaintiffs' apparel as to the origin,

sponsorship or approval by Plaintiffs of the Defendants' infringing merchandise in violation of

15 U.S.C. Section 1125(a).

36.     Upon information and belief, Defendants' unfair competition and passing off has been willful and deliberate, designed specifically to trade upon the consumer goodwill created and enjoyed by Plaintiffs for Defendants' profit.

37.     Plaintiffs' consumer goodwill is of great value, and Plaintiffs are suffering and will continue to suffer irreparable harm if Defendants' unfair competition and passing off as to the infringing merchandise is allowed to continue.

38.     Defendants' unfair competition and passing off will likely continue unless enjoined by this Court.

39.     Plaintiffs are entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

COUNT THREE

COUNTERFEITING UNDER 15 U.S.C. §1114

40.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 39 as if fully restated herein.

41.     Defendants, without authorization from Plaintiffs, have sold, offered for sale, distributed and/or advertised t-shirts that display counterfeits or colorable imitations of Plaintiff's Registered Trademark.

42.     Defendants' actions are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among consumers and the public as to whether Defendants' infringing merchandise originate from or are affiliated with, sponsored by or endorsed by Plaintiffs.

43.     Defendants have acted with knowledge of Plaintiff's ownership of the Trademark and with deliberate, willful intention to trade upon the consumer goodwill created and enjoyed by Plaintiffs for Defendants' profit.

44.     Defendants' acts constitute trademark counterfeiting in violation of 15 U.S.C. Section 1114.

45.     The goodwill of the Plaintiff's Trademark is of great value, and Plaintiffs are suffering and will continue to suffer irreparable harm should Defendants' unauthorized production and sale of the counterfeit merchandise continues.

46.     Defendants' use of the Plaintiff's Trademark on the counterfeit merchandise will likely continue unless enjoined by this Court.

47.     Plaintiffs are entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, statutory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

WHEREFORE, Plaintiffs request that the Court order:

1.     The issuance of a permanent injunction enjoining Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them from infringing, falsely designating the origin of the Plaintiff's Trademark, and from passing off Defendants' products using Plaintiff's Trademark, and/or from using the Plaintiff's Trademark in commerce in any way.

2.     That Defendants account to Plaintiffs for their profits, the actual damages suffered by Plaintiffs as a result of Defendants' acts of infringement, counterfeiting, unfair competition and passing off, together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of Plaintiffs' known rights;

3.     That Defendants surrender all merchandise that bears the Plaintiff's Trademark for destruction;

4.     That Defendants pay statutory damages of $1,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed in accordance with 15 U.S.C. Section 1117;

5.     That Defendants pay compensatory and treble damages to Plaintiffs;

6.     That Defendants disgorge all profits realized from the sale of merchandise that bears Plaintiff's Trademark;

7.      That Defendants pay Plaintiffs' attorneys' fees, together with the costs of this suit; and

8.      All other and further relief as may be just and equitable.


**Jury Demand**

Plaintiffs hereby demand trial by jury on all issues triable to a jury.


Respectfully submitted,

s/Michael J. Gallagher, Esq.
Counsel for Plaintiffs


Dated: April 26, 2016


Michael J. Gallagher (Ohio Bar No. 0074104)
Trial Attorney for Plaintiff
Gallagher & Dawsey Co. LPA
533 South 5th St.
Columbus, OH 43206
Telephone: (614) 228-6280 ext. 17
FAX: (614) 228-6704
mgallagher@invention-protection.com


12